Sheryl FRANKLIN, Plaintiff–Appellant,

v.

CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Defendant–Appellee,

James Niss, Special Master.

Docket No. 01–7559.

United States Court of Appeals, Second Circuit.

April 9, 2002.

Stephen Bergstein; Michael H. Sussman, on the brief, Goshen, NY, for Appellant.

Kathleen M. McKenna, Proskauer Rose LLP; G. Michael Bellinger, Dorsey & Whitney LLP, on the brief, New York, NY, for Appellee.

Present WALKER, Chief Judge, NEWMAN, KEARSE, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**

Plaintiff-appellant Sheryl Franklin appeals from a judgment of the United States District Court for the Southern District of New York (Buchwald, *D.J.*), following a jury trial, challenging three rulings made in the course of the proceedings below.

Franklin, a former employee of defendant-appellee Consolidated Edison Company of New York, Inc. ("Con Edison"), filed suit against defendant on March 30, 1998, alleging discrimination in violation of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act ("ADA"), and various state and local anti-discrimination codes. Plaintiff, who is epileptic, alleged, *inter alia,* that she had been terminated in retaliation for engaging in conduct that was protected under

the ADA. She also alleged that actions of the defendant caused a stroke that she tragically suffered on January 16, 1996, which has left her unable to work.

On appeal, Franklin argues that the district court (1) improperly granted defendant judgment as a matter of law before trial on her retaliatory termination claim; and (2) erred in excluding (a) expert testimony that work-related stress had caused her stroke and (b) testimony from her treating psychologist regarding her emotional distress.

■ We review the district court's grant of judgment as a matter of law *de novo*. *Lovejoy–Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 212 (2d Cir.2001); *see* Fed.R.Civ.P. 56(c). To establish a prima facie case of retaliatory termination under the ADA, the plaintiff must establish:

(1) the employee was engaged in an activity protected by the ADA, (2) the employer was aware of that activity, (3) an employment action adverse to the plaintiff occurred, and (4) there existed a causal connection between the protected activity and the adverse employment action.

*Sarno v. Douglas Elliman–Gibbons & Ives, Inc.*, 183 F.3d 155, 159 (2d Cir.1999); *see also Lovejoy–Wilson*, 263 F.3d at 223. Plaintiff has failed to provide any credible and competent evidence that her termination was motivated by the fact that she engaged in activities protected under the ADA. Because plaintiff has failed to establish a prima facie case of retaliatory discharge, judgment as a matter of law on plaintiff's termination claim was proper.

■ We reject plaintiff's claim that the district court abused its discretion in excluding the testimony of her expert, Dr. Paul Rosch, who was to testify that work-related stress caused plaintiff's stroke. Under *Daubert v. Merrell Dow Pharmaceuti-*

*cals, Inc.*, 509 U.S. 579, 597, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), the district court is charged with the "task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." We review a district court's decision to admit or exclude evidence under *Daubert* for abuse of discretion. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). A decision to exclude scientific evidence is not an abuse of discretion unless it is "manifestly erroneous." *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1042 (2d Cir.1995).

In this case, after an extensive hearing, the district court concluded that Dr. Rosch's opinion testimony was unreliable and that it did not "fit" with the facts of plaintiff's case. Specifically, the district court found that (1) Dr. Rosch is not an expert on strokes; (2) there are no peer-reviewed articles that establish the link between stress and stroke as Dr. Rosch sought to apply it in this case; (3) Dr. Rosch's methodology was suspect because he did not interview or examine plaintiff or learn anything about her medical history; (4) his theory was not generally accepted in the medical community; (5) his opinion was arrived at solely for the purposes of litigation; and (6) even if stress had caused plaintiff's stroke, there was no scientific basis for his conclusion that plaintiff's stroke was caused by Con Edison's alleged discriminatory treatment because Dr. Rosch did not (and could not) isolate work-related stress from the many other sources of stress in plaintiff's life. The district court's conclusions are reasonable and supported by the record; there was no abuse of discretion.

■ Likewise, we affirm the district court's dismissal of plaintiff's treating psychologist Dr. Bessie Duncan. During trial, the district court determined, upon her

review of Dr. Duncan's deposition and report, that Dr. Duncan's diagnosis of plaintiff was "inextricably limited to Ms. Franklin's stroke, and ... she has no informational basis upon which to base a prestroke evaluation." Having concluded that Dr. Duncan's diagnosis and opinions about plaintiff's ailments were intertwined with her knowledge of the fact plaintiff had suffered a stroke, the district court further concluded that to permit Dr. Duncan to testify would undermine the district court's previous *Daubert* ruling and preclude Con Edison from conducting meaningful cross-examination. The district court's determination was reasonable; there was no abuse of discretion. *See Silverstein v. Chase*, 260 F.3d 142, 145 (2d Cir.2001).

We have carefully considered plaintiff's remaining arguments and conclude that they are without merit.

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**